THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| WALDEMAR VAZQUEZ<br><br>    Plaintiff,<br>v.<br><br>THE RAYMOND CORPORATION and CAROLINA HANDLING, LLC<br><br>    Defendants. | CIVIL ACTION<br>FILE NO. 2:17-CV-0020-RWS |

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LONNIE HAMPTON<br><br>    Plaintiff,<br>v.<br><br>THE RAYMOND CORPORATION,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:18-cv-00081-TWT |

**Plaintiff Waldemar Vazquez and Plaintiff Lonnie Hampton's**

**Motion to Reassign Case**

1.      **Background and Relevant Factual Information**

This motion is brought by each Plaintiff in the two products liability cases captioned above[1]. The Plaintiffs in both of these cases were injured when the Raymond standup forklifts they were operating were involved in collisions after a loss of control. Both Plaintiffs allege that they suffered lower left leg injuries, resulting in below the knee amputations, while operating these stand-up rear entry forklifts manufactured by Defendant The Raymond Corporation. *Compare Vazquez* Complaint, ¶¶ 14-16 [Doc. 1] *and Hampton* Complaint ¶¶ 11-13 [Doc. 1]. Both allege that had there been a safety door, they would not have been injured.

The allegations of both suits are substantially similar – and for all practical purposes identical. Paragraph 58 of the *Vazquez* Complaint and Paragraph 49 of the *Hampton* Complaint both allege that "[t]he subject forklift's defects include, but are likely not limited to, defects in its design and manufacture taken individually and collectively because it did not have a system to prevent Plaintiff [Vazquez'][Hampton's] left leg from coming out from the safety of the operator's compartment to outside the forklift where it could be crushed or otherwise injured." Both paragraphs further allege, "In addition, it was designed so that the machine was able to move while portions of Plaintiff [Vazquez'][Hampton's]

---

[1] The Defendants have indicated they will oppose this motion.

body, in particular his left foot, were not on the floor of the machine and were outside the operator's compartment."

It is likely that both cases will involve the use of similar experts or the very same experts, offering similar, or the very same opinions.

In both cases, Defendant The Raymond Corporation has or can be expected to take the position that certain materials produced in discovery (more likely than not, identical materials) should be subject to a protective order. E.g. *Vazquez* case, Stipulation and Consent Motion for Protective Order, granted by Judge Story as Docket Entry 42.

Both cases are likely to raise similar issues about expert opinions through *Daubert* motions, dispositive motions (if any), as well as motions in limine and the various issues that are likely to arise at the trial of a complex products liability case with severe injuries.

The *Vazquez* case was initially assigned to Judge O'Kelley and was reassigned to Judge Story on June 7, 2017.

When Plaintiff Hampton filed his case, he noted the *Vazquez* case as a "related case" in Section VIII of the Civil Cover Sheet filed with the *Hampton* case. *See Hampton* case, [Doc. 1-1]. However, the *Hampton* case was initially assigned to Judge Pannell. Judge Pannell declined assignment of the case and it is now assigned to Judge Thrash. [Doc. 4]

Lead counsel for the Plaintiffs in both cases are attorneys Michael Warshauer and Trent Shuping of the Warshauer Law Group.

In both cases, Defendant The Raymond Corporation is represented by attorneys Johnathan T. Krawcheck and Brannon Arnold of Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC and by attorneys from the Milwaukee office of the law firm Quarles & Brady, LLP (in *Vasquez*, Patrick W. Schmidt; in *Hampton*, Raymond D. Jamieson).

**2.    Motion to Reassign Case**

Having both cases assigned to the same Court will promote the interests of justice, result in more efficient case management, and conserve judicial resources. It will also speed the resolution of the cases and lower the expenses for the parties. *Accord* Fed. R. Civ. Pro. 1.

The Plaintiffs are happy to be in either Court and express no preference. They move that either case be reassigned to the same Court as the other so that the same Court will handle both cases.

Publically available opinions and orders indicate that the Northern District's internal operating rule 905-2 permits the reassignment of cases based upon various grounds. Here, these two cases may be viewed as "related" cases because they involve the "same issues of fact" with respect to the design of rear-entry stand-up forklifts to prevent left-leg injuries. Although the two events were

separate, both involve left leg injuries to forklift users involved in collisions with external warehouse objects. Both involved, with respect to the design choices at issue, practically identical forklifts. The issues of fact related to the relevant design choices in both cases are identical for all practical purposes. Identical, as defined by Black's Law Dictionary, means alike for "all practical purposes". These two cases, for all practical purposes are identical – that is how most lawyers who know anything about them would describe them.  I.e, if the undersigned was asked about the cases, he might say: "I have two practically identical cases pending in the Northern District of Georgia. The manufacturer is the same, both plaintiffs lost of control prior to the collision, and both plaintiffs ended up with amputated left legs. A safety door and improved brake pedal location is a reasonably safer alternative design. I'll likely use the same experts and expect Raymond to offer the same documents and defenses in both cases."

Perhaps even more importantly, reassignment to one Court promotes the interests of justice and judicial efficiency making reassignment appropriate under Rule 905-2. Both cases will require the presiding Courts to make dozens if not hundreds of discretionary decisions on similar and/or identical issues relating to the admissibility of experts, evidence at trial, jury charges, etc.

It is exceedingly likely that identical or nearly identical motions and briefs will be filed in both cases and that the parties will rely upon the same authorities

to support their arguments in both cases. As recently pointed out by Raymond in its most recent filing, Doc. 86-1, pp.6, 7, in *Vasquez*, one of Plaintiff's experts, Dr. Jason Kerrigan, signed reports in similar pending cases that are "virtually identical." In fact, Raymond's Brief filed as Doc. 86-1 says the reports filed are "word for word identical." (This identity of opinions exists when comparing Dr. Kerrigan's opinions in a left leg amputation case involving a similar Crown machine, pending in USDC in Iowa, and the Raymond machine that injured Mr. Vasquez – certainly the reports are expected to be even closer when both machines are made by Raymond and the experts being rebutted are Raymond's "go to" experts.)

Permitting one Court to consider both cases that are pending here in the USDC ND GA conserves judicial resources through the efficiency of only one Court expending the time necessary to provide rulings on similar and identical matters. It promotes the interests of justice and the public perception of the Court because the parties in each case will receive consistent discretionary decisions. From a practical perspective, reassignment prevents each Court from having to wade through briefing and arguments based upon what their fellow-Court has decided.

With respect to the parties, the interests of justice are served by the substantial saving in time and expense that flows from having one Court handle

both cases. The parties in the second case will have an expectation of how the Court will approach various issues. This will reduce the extent of motions practice, enable better-informed settlement considerations, and streamline trail preparations. At trail, reassignment to one Court will limit the amount of time lost to arguments over objections and jury instructions for jurors, Judges, court staff, court security, the parties and their attorneys.

**3.     Conclusion**

For the reasons set forth above, the Plaintiffs bring this motion and request that of one of these two cases be reassigned so that both cases may be handled by the same Court.

Respectfully submitted this 8th day of March, 2018.

*Attorneys for Plaintiff Waldemar Vazquez:*

                      WARSHAUER LAW GROUP, P.C.

                      By:     *s/ Michael J. Warshauer*
                      Michael J. Warshauer
                      Georgia Bar No. 018720
                      Trent Shuping
                      Georgia Bar No. 159083

2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 Fax

        MICHAEL R. CASPER, P.C.

        By:  *s/ Michael R. Casper*
        Michael R. Casper
        Georgia Bar No. 116000

418 Candler Street
Gainesville, GA 30501
(770) 534-4376
(770) 535-1903 Fax


*Attorneys for Plaintiff Lonnie Hampton:*

        WARSHAUER LAW GROUP, P.C.

        By:  *s/ Michael J. Warshauer*
        Michael J. Warshauer
        Georgia Bar No. 018720
        Trent Shuping
        Georgia Bar No. 159083

2740 Bert Adams Road
Atlanta, GA 30339
(404) 892-4900
(404) 892-1020 Fax


        MORGAN & MORGAN ATLANTA, PLLC

        By:  *s/ Christopher J. Graddock*
        Christopher J. Graddock
        Georgia Bar No. 544855
        Keenan R.S. Nix
        Georgia Bar No. 544855

PO Box 57007
Atlanta, GA 30342-1007
(404)965-8811
(404) 965-8812 Fax

## CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULE 5.1

I hereby certify that the foregoing document was prepared in Book Antiqua 13 Point Font as allowed by Local Rule 5.1 and further certify that I have this day served a copy of the within and foregoing upon all parties to this matter via the CM/ECF system.

This 8th day of March, 2018.

By:  *s/ Michael J. Warshauer*

Warshauer Law Group, P.C.
2740 Bert Adams Road
Atlanta, GA 30339
404-892-4900
404-892-1020 Fax